IN THE UNITED STATES DISTRICT COURT OF MASSACHUSETTS

| | | |
|---|---|---|
| GERALD MALONE, | ) | U.S. DIST. CT. |
| Petitioner, | ) | MASSACHUSETTS |
| | ) | |
| v. | ) | |
| | ) | No. _____ |
| KATHLEEN M. DENNEHY, | ) | |
| Acting Commissioner of Massachusetts | ) | 04  PETITION FOR WRIT OF |
| Department of Corrections, | ) | HABEAS CORPUS |
| Respondent. | ) | 28 U.S.C. § 2254 |

PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Gerald Malone, W68824, petitions the court for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254:

1. The petitioner is in the custody of the respondent.

2. The petitioner's direct appeal for post-conviction relief was denied by the Supreme Judicial Court of Massachusetts on February 27, 2003. Petitioner has raised the claims herein raised in his appeal before the state appellate courts. Thus, petitioner has no available state remedy for this claim. The petitioner has filed a memorandum of law in support of his petition and attached hereto and incorporated here in by reference, and further states the following.

GROUND FOR RELIEF
PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN CONJUNCTION WITH HIS RIGHT TO DUE PROCESS.

3. On December 1, 2000, Mr. Malone was convicted, following a jury trial, of Rape of a Child and Indecent Assault and Battery on a Person under the Age of Fourteen. Mr. Malone received concurrent state prison sentences of nine to twelve years on the rape charge, and six to nine years on the indecent assault and battery charge. The Trial lasted for two (2) days.

4. Mr. Malone was represented by counsel.

5. The case involved an allegation of sexual assault by Mr. Malone's daughter, one Katherine Malone. There was no physical or scientific evidence presented to corroborate the allegations against Mr. Malone. As such, the Commonwealth's case rested on the credibility of Katherine Malone.

6. The defense's theory was that Katherine Malone had fabricated the allegations to get rid of her father, a strict disciplinarian who did not tolerate any transgression and often severely punished her and her sister using a belt. The defense attorney alluded to this theory in his opening statement and alerted the jury to listen carefully to the details of the testimony, as the truth lied therein.

7. On the first day of the trial, pursuant to a motion in limine, the judge limited the number of fresh complaint witnesses to only one. The Commonwealth had listed several witnesses including Officer Cheryl Nugent Gomsey in its list of potential witnesses. The Defense attorney had received a report prepared by Officer Gomsey that contained statements of the alleged victim made in the presence of the officer and a social worker.

8. The trial began on Thursday, November 30, 2000. The Commonwealth first called the alleged victim who testified to various sexual and physical attacks allegedly made by Mr. Malone. The defense attorney cross-examined the alleged victim focusing on the inconsistencies between her direct testimony at trial and what she reported to Officer Gomsey. The alleged victim denied making the inconsistent statements. The alleged victim's mother then testified as to what her daughter had related to her on the day that Mr. Malone moved out of their residence. The Commonwealth then disclosed that the mother was their fresh complaint witness. The mother took the stand and testified as to what her daughter had related to her the day Mr. Malone moved out of the their residence. The defendant's attorney then cross-examined the mother and the court adjourned until the following day.

9. On the next day, the defense attorney stated that he had learned that the Commonwealth was not going to call any of the police officers on its witness list and requested a continuance at the end of the Commonwealth's case in chief to serve Officer Gomsey with a subpoena and call her as a defense witness.

10. The defense attorney also stated that he did not subpoena the officer assuming that the government would call her as a witness.

11. The court refused to grant the continuance and advised the defense attorney that he could attempt to locate the witness during a recess if he wished to do so.

12. The Commonwealth rested after presenting the testimony of the younger sister of the alleged victim. The sister did not witness any of the alleged assaults but nonetheless testified to tangential matters.

13. Mr. Malone testified on his own behalf and asserted his innocence and denied committing any of the sexual assaults.

14. The Defense attorney did not call Officer Gomsey to impeach the credibility of the alleged victim by presenting her prior inconsistent statements.

15. Officer Gomsey had interviewed the alleged victim twice and prepared a report for each interview.

16. At the conclusion of all of the evidence, the defense attorney made an offer of proof of what he would have presented had the court granted him a continuance to compel the attendance of Officer Gomsey.

17. The defense attorney had reason to know that the Commonwealth would not call Officer Gomsey, although they had her listed as a potential witness, as early as the afternoon of the first day of trial. The Commonwealth was allowed only one fresh complaint witness and the district attorney chose the mother to testify as such on the first day of trial.

18. The Sixth Amendment to the United States Constitution, which the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). The failure of Mr. Malone's attorney to impeach the complainant by presenting her inconsistent statement through Officer Gomsey violated Mr. Malones' right to effective assistance of counsel. Additionally, the court's' refusal to grant Mr. Malone a short continuance for the purpose of securing the attendance of Officer Gomsey violated Mr. Malone's right to due process under the United States Constitution. U.S Const. V.

19. Wherefore, the Petitioner prays that the court grant him relief to which he may be entitled in this proceeding.

I, Derege B. Demissie, Counsel for the Petitioner, swear based on the information and belief that the foregoing statements are true.

Derege B. Demissie

Respectfully submitted
Gerald Malone
By his attorney,

Derege B. Demissie
DEMISSIE & ASSOCIATES
929 Massachusetts Avenue, Suite 01
Cambridge, MA 02139
617-354-3944
BBO# 637544