UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GERALD MALONE<br>      Petitioner,<br><br>v.<br><br>KATHLEEN M. DENNEHY<br>      Respondent. | Civil Action No.04-10283-RWZ |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner Gerald Malone.

1. Admitted.

2. Admitted. To the extent that paragraph 2 of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Massachusetts Appeals Court's elucidation of the facts. Answering further, the respondent states that paragraph 2 of the petition for a writ of habeas corpus contains conclusions of law that require no response at this time.

3. Admitted. Answering further, the respondent states that on July 16, 2001, the petitioner filed a motion for a new trial that was denied by Massachusetts Superior Court Associate Justice Richard F. Connon on the same day. Further answering, the respondent states that the petitioner timely appealed the denial of his motion for a new trial and on December 30, 2002, in a memorandum and

order pursuant to Rule 1:28, the Massachusetts Appeals Court affirmed the denial of the motion for a new trial. The citation is *Commonwealth v. Malone*, 56 Mass. App. Ct. 1117, 780 N.E.2d 489 (2002). Answering further, the respondent states that the petitioner filed an application for leave to obtain further appellate review in the Massachusetts Supreme Judicial Court that was denied on February 27, 2003.

4. Admitted.

5. To the extent that paragraph 5 of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Massachusetts Appeals Court's elucidation of the facts. Answering further, the respondent states that paragraph 5 of the petition for a writ of habeas corpus contains conclusions of law that require no response at this time.

6. To the extent that paragraph 6 of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Massachusetts Appeals Court's elucidation of the facts. Answering further, the respondent states that paragraph 6 of the petition for a writ of habeas corpus contains conclusions of law that require no response at this time.

7. To the extent that paragraph 7 of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Massachusetts Appeals Court's elucidation of the facts.

8. To the extent that paragraph 8 of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Massachusetts Appeals Court's elucidation of the facts.

9. Respondent admits the allegations of fact contained in paragraph 9 to the extent that they comport exactly to the state court record of the petitioner's criminal proceedings and the Massachusetts Appeals Court's elucidation of the facts. Respondent denies each and every remaining allegation of fact contained in paragraph 9 of the petition for writ of habeas corpus.

10. Respondent admits the allegations of fact contained in paragraph 10 to the extent that they comport exactly to the state court record of the petitioner's criminal proceedings and the Massachusetts Appeals Court's elucidation of the facts. Respondent denies each and every remaining allegation of fact contained in paragraph 10 of the petition for writ of habeas corpus.

11. Respondent admit the allegations of fact contained in paragraph 11 to the extent that they comport exactly to the state court record of the petitioner's criminal

proceedings and the Massachusetts Appeals Court's elucidation of the facts. Respondent denies each and every remaining allegation of fact contained in paragraph 11 of the petition for writ of habeas corpus.

12. Respondent admits the allegations of fact contained in paragraph 12 to the extent that they comport exactly to the state court record of the petitioner's criminal proceedings and the Massachusetts Appeals Court's elucidation of the facts. Respondent denies each and every remaining allegation of fact contained in paragraph 12 of the petition for writ of habeas corpus.

13. Respondent admits the allegations of fact contained in paragraph 13 to the extent that they comport exactly to the state court record of the petitioner's criminal proceedings and the Massachusetts Appeals Court's elucidation of the facts. Respondent denies each and every remaining allegation of fact contained in paragraph 13 of the petition for writ of habeas corpus.

14. Respondent admits the allegations of fact contained in paragraph 14 to the extent that they comport exactly to the state court record of the petitioner's criminal proceedings and the Massachusetts Appeals Court's elucidation of the facts. Respondent denies each and every remaining allegation of fact contained in paragraph 14 of the petition for writ of habeas corpus.

15. Respondent admits the allegations of fact contained in paragraph 15 to the extent that they comport exactly to the state court record of the petitioner's criminal proceedings and the Massachusetts Appeals Court's elucidation of the facts. Respondent denies each and every remaining allegation of fact contained in

paragraph 15 of the petition for writ of habeas corpus.

16. Respondent admits the allegations of fact contained in paragraph 16 to the extent that they comport exactly to the state court record of the petitioner's criminal proceedings and the Massachusetts Appeals Court's elucidation of the facts. Respondent denies each and every remaining allegation of fact contained in paragraph 16 of the petition for writ of habeas corpus.

17. Respondent admits the allegations of fact contained in paragraph 17 to the extent that they comport exactly to the state court record of the petitioner's criminal proceedings and the Massachusetts Appeals Court's elucidation of the facts. Respondent denies each and every remaining allegation of fact contained in paragraph 17 of the petition for writ of habeas corpus.

18. Respondent admits the allegations of fact contained in paragraph 18 to the extent that they comport exactly to the state court record of the petitioner's criminal proceedings and the Massachusetts Appeals Court's elucidation of the facts. Respondent denies each and every remaining allegation of fact contained in paragraph 18 of the petition for writ of habeas corpus.  Answering further, the respondent states that paragraph 18 of the petition for a writ of habeas corpus contains conclusions of law that require no response at this time.

19. Respondent states that the petitioner has failed to state a claim upon which relief can be granted.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1. Docket entries, *Commonwealth v. Malone*, BACR1999-48402.

2. Petitioner's Motion for New Trial, *Commonwealth v. Malone*, BACR1999-48402.

3. Denial of Motion for New Trial, *Commonwealth v. Malone*, BACR1999-48402.

4. Defendant-Appellant's Brief and Record Appendix on Appeal, *Commonwealth v. Malone*, Massachusetts Appeals Court No. 01-P-382.

5. Commonwealth's Brief on Appeal, *Commonwealth v. Malone*, Massachusetts Appeals Court No. 01-P-382.

6. *Commonwealth v. Malone*, 56 Mass. App. Ct. 1117, 780 N.E.2d 489 (2002).

7. Petitioner's Application for Leave to Obtain Further Appellate Review, *Commonwealth v. Malone*, FAR-13175.

8. Commonwealth's Opposition to Petitioner's Application for Leave to Obtain Further Appellate Review, *Commonwealth v. Malone*, FAR-13175.

9. Notice of Denial of F.A.R. Application, *Commonwealth v. Malone*, FAR-13175.

The trial transcripts are also included in the supplemental answer.

### First Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

### Second Defense

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d)(1).

### Third Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence. See 28 U.S.C. §§ 2254(d)(2), (e)(1).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

/s/ Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: May 4, 2004

### CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2004, I caused a copy of the above Answer to be served by first-class mail, postage prepaid, upon Mr. Derege B. Demissie, Esq. Demissie & Associates, 929 Massachusetts Avenue, Suite 01, Cambridge, Massachusetts 02139.

/s/ Eva M. Badway
Eva M. Badway