UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10283-RWZ

GERALD MALONE

v.

KATHLEEN M. DENNEHY

MEMORANDUM OF DECISION

March 14, 2007

ZOBEL, D.J.

I.   **Background**

Gerald Malone, a state prisoner, seeks habeas review of his state court conviction. In December 2000, petitioner was indicted on charges of raping his daughter. He was tried and convicted by a jury in the Massachusetts Superior Court and sentenced to concurrent sentences of 9-12 years (for one count of rape of a child) and 6-9 years (for one count of indecent assault and battery on a person under the age of 14).

Petitioner filed a timely direct appeal of his conviction in December 2000. He also filed a motion for a new trial in Barnstable Superior Court, which was denied. He then filed an appeal from the denial of his motion for a new trial, and his two appeals were consolidated. On December 30, 2002, the Massachusetts Appeals Court affirmed both the conviction and the denial of petitioner's motion for a new trial. Thereafter, petitioner sought further appellate review in the Massachusetts Supreme Judicial Court,

which was denied on February 27, 2003.

Petitioner has now filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and § 2254 alleging that trial counsel was ineffective in violation of the Sixth Amendment in that he did not call as a witness the police officer (Officer Cheryl Nugent Gomsey) to whom his daughter allegedly made a prior inconsistent statement. (Docket # 1, ¶ 18). In addition, petitioner contends that the court's denial of his counsel's request for a continuance violated his due process rights under the Fifth Amendment. (Id.). For the reasons discussed below, petitioner's habeas petition is denied.

### A.    Facts

Petitioner was accused of raping his daughter on numerous occasions. On the day he moved out of the family's residence, the victim told her mother of the abuse, and her mother immediately contacted the police. The victim reported the assaults to Officer Cheryl Nugent Gomsey, who interviewed the victim twice and prepared a report on each interview. One or both of the reports contained, inter alia, statements made by the victim to Officer Gomsey and a social worker.

The evidence presented by the government at trial consisted of the testimony of: (1) the victim, who testified to multiple sexual assaults by the defendant; (2) her mother, who testified to what the victim told her on the day the defendant moved out; and (3) the victim's sister. The presentation offered no scientific evidence to corroborate the allegations. The physical evidence consisted of pornographic materials seized from the family's residence. The government did not call Officer Gomsey to the stand. However, the defense attorney cross-examined the victim, specifically asking about alleged inconsistencies between her direct testimony and her prior statements to

Officer Gomsey.

Petitioner's defense was that his daughter had fabricated the allegations to "get rid of" her father because he was a strict disciplinarian. Defendant testified in his own defense.

As noted above, while Officer Gomsey was listed on the government's witness list, she was never called to the stand. Defense counsel requested a continuance in order to locate Officer Gomsey, which request was denied. The court did allow defendant to attempt to locate Officer Gomsey during a recess if he wished.

At the conclusion of the evidence, defense counsel made an offer of proof of the evidence he would have presented had he been able to compel the testimony of Officer Gomsey. Defendant's attorney stated that he failed to subpoena Officer Gomsey on the mistaken belief that the government would call her as a witness because she appeared on the government's witness list.

B.    **Procedural History**

After his conviction, petitioner filed a motion for a new trial, which the court denied. Petitioner appealed the conviction and denial of the motion for new trial and urged the same arguments as here: that he was denied the effective assistance of counsel in violation of the Sixth Amendment and that the district court's denial of a continuance constituted a violation of due process in violation of the Fifth Amendment. That court affirmed the judgment. See Commonwealth v. Malone, 56 Mass. App. Ct. 1117, 2002 WL 31890964 (2002).

**II.     Discussion**

    **A.     Habeas Corpus Standard**

As a state prisoner, petitioner's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 104, 110 Stat. 1214, 1218-19 (1996).  Under AEDPA, a federal court may grant relief to a state prisoner if the state court's "adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Olszewski v. Spencer, 466 F.3d 47, 53-54 (1st Cir. 2006) (citing AEDPA, § 104, codifying 28 U.S.C. § 2254).

    **B.     Ineffective Assistance of Counsel in Violation of the Sixth Amendment**

In order to establish a claim for the ineffective assistance of counsel, a petitioner must demonstrate: (1) "that counsel's representation fell below an objective standard of reasonableness;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

Here, petitioner argues that the state court's denial of his appeal on the ground that he did not have effective assistance of counsel was an unreasonable application of clearly established federal law.  Petitioner's argument is unpersuasive. The First Circuit has recognized that "[t]he Strickland principles for deciding ineffective assistance of counsel claims are 'clearly established' for purposes of the AEDPA."  Ouber v. Guarino,

293 F.3d 19, 26 (1st Cir. 2002).  The state court of appeals concluded that "trial counsel was not ineffective in failing to secure Gomsey's testimony, where most of the proffered impeachment evidence was before the jury, and the defendant could not demonstrate that better work might have accomplished something material for his defense."  Commonwealth v. Malone, 56 Mass. App. Ct. 1117, 2002 WL 31890964, at *1 (2002).  The court further reasoned:

> Most of the impeachment points raised by appellate counsel were either acknowledged by the victim herself or were presented through the victim's mother and her sister.  Officer Gomsey's potential testimony would have been cumulative or testimony already in evidence.  At the time of defense counsel's offer of proof on the value of Officer Gomsey's testimony, the trial judge remarked that defense counsel had not made a mistake in failing to call Officer Gomsey and that he had actually benefitted from the absence of Officer Gomsey.

Id.

It is axiomatic that "the standard for ineffective assistance under Massachusetts law appears functionally equivalent to the federal standard."  Smiley v. Maloney, 422 F.3d 17, 21 (1st Cir. 2005) (internal citations omitted).  I agree with the reasoning of the state court and conclude that the appellate court properly applied the legal principles of Strickland to the facts of petitioner's case.

In evaluating the first prong of ineffective assistance claims under Strickland, "judicial scrutiny of counsel's performance must be highly deferential."  Castillo v. Matesanz, 348 F.3d 1, 11 (1st Cir. 2003).  "[O]nly if, in light of all the circumstances, the identified acts or omissions of counsel were outside the wide range of professionally competent assistance can a finding of deficient performance ensue."  Id.  In evaluating

5

the second prong, petitioner must "prove that he was prejudiced, i.e. that his attorney's parlous conduct may have altered the outcome of the case." Id.

Here, petitioner cannot meet either prong. First, counsel's representation was not constitutionally deficient. He extensively cross-examined the daughter as to the inconsistencies between her in-court testimony and her statements as recorded in Officer Gomsey's report. See Transcript of Jury Trial, Vol. I , Nov. 30, 2000 (Docket # 9A) at 168-177.[1] See, e.g., Martinez v. Spencer, 195 F. Supp. 2d 284, 302 (D. Mass. 2002) (denying petitioner's habeas petition where trial counsel cross-examined witness as to inconsistent statements at a prior hearing). In addition, the evidence sought to be introduced was cumulative impeachment evidence. See Knight v. Spencer, 447 F.3d 6, 11 (1st Cir. 2006) (affirming district court's denial of petitioner's habeas petition alleging

---

[1] One example of defense counsel's use of the report to impeach the victim's testimony on cross-examination follows.

>The COURT: Ma'am, having read that, does that refresh your memory --
>The WITNESS: Yes.
>The COURT: – so that you can now testify, independent of what's written there, as to what you told Officer Cheryl [Gomsey] about the date?
>The WITNESS: Yes.
>The COURT: Go ahead.
>BY MR. BENNETT:
>Q: Do you remember telling her that it was the day after Christmas?
>A: I remember telling her that – I do not remember her – I do not remember telling her it was the day after Christmas.
>Q: When you talked to Officer Cheryl about this incident, you didn't tell her about any sexual abuse; that's true, isn't it?
>A: Yes.
>Q. All you told her about was that your father had gotten mad at you in the car; isn't that true?
>A. Yes.

that petitioner had been denied the effective assistance of counsel in not calling witness where witness's testimony was cumulative of the testimony of other witnesses).

Second, even assuming counsel's performance was constitutionally deficient, petitioner cannot demonstrate constitutional prejudice as a result. Rather, defendant's counsel cross-examined the alleged victim as to the alleged inconsistencies in the testimony, and there is no evidence that Officer Gomsey's testimony would have resulted in a different outcome.

### C. Denial of a Continuance as a Violation of the Due Process Clause of the Fifth Amendment

Defendant contends that the trial court's denial of his counsel's request for a continuance denied him due process of law in violation of the Fifth Amendment. Defendant's arguments are without merit. First, it is axiomatic that "the matter of continuance is traditionally within the discretion of the trial judge." Unger v. Sarafite, 376 U.S. 575, 589 (1964). Moreover, "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process." Id. Only "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay" constitutes reversible abuse of discretion. United States v. Flecha-Maldonado, 373 F.3d 170, 175 (1st Cir. 2004). Among the factors courts analyze are "the defendant's diligence, the inconvenience to the court and other parties, the likely utility of a continuance, and any unfair prejudice caused by the denial." United States v. Rodriguez-Marrero, 390 F.3d 1, 22 (1st Cir. 2004). Several courts have denied defendants' request for a continuance where the purpose of the continuance was to secure the testimony of a witness whose testimony would be cumulative. See, e.g.,

Abramian v. Ashcroft, 108 Fed. Appx. 644, 646-47 (1st Cir. 2004) (no abuse of discretion where trial court denied defendant's request for a continuance where the testimony sought would have been cumulative); Farias v. Instructional Systems, Inc., 259 F.3d 91, 100 (2d Cir. 2001) (same); and United States v. Beverly, 5 F.3d 633, 641 (2d Cir. 1993) (same).

The state court similarly rejected petitioner's claims, concluding that "the trial judge did not patently abuse his discretion in refusing to grant the defendant a continuance, where defense counsel could have summoned Officer Gomsey between the end of the first day of trial and the close of the Commonwealth's case." Commonwealth v. Malone, 56 Mass. App. Ct. 1117, 2002 WL 31890964, at *2 (2002). Moreover, "a reading of the transcript fails to indicate that the quality of the defense was perceptibly impaired by the denial." Id. (quoting Commonwealth v. Funderberg, 374 Mass. 577, 580, 373 N.E. 2d 963 (1978)).

Thus, the state court's denial of petitioner's due process claim on the basis of its denial of petitioner's request for a continuance was not contrary to clearly established federal law.

## III. Conclusion

Petitioner has not demonstrated that the state court's adjudication of his ineffective assistance of counsel and due process claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" in violation of AEDPA. Accordingly, his petition for writ of habeas corpus (Docket # 1) is DENIED.

| | |
|---|---|
| March 14, 2007 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |